# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KENNETH J. GRAYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 1:23-cv-114-TFM-MU |
| ) | |
| FOREMOST INSURANCE COMPANY ) | |
| GRAND RAPIDS, MICHIGAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On July 28, 2023, Plaintiff Kenneth J. Grayson filed his first amended complaint, which the Court construed as a motion for leave to file an amended complaint then ordered Defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost Insurance") to show cause why the Court should not grant the motion. Docs. 19, 20; *see* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."); *see also* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1474 (3d ed. 1999) (footnotes omitted) ("[A] party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action."). Foremost Insurance timely filed its response to the show cause Order in which it argues leave to amend the complaint should be denied because the amendment would be futile. Doc. 21.

"Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (quoting *Maynard v. Bd. of Regs. Of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342, F.3d 1281, 1287 (11th Cir. 2003)). "Leave to amend a complaint is futile when the complaint

as amended would still be properly dismissed or be immediately subject to summary judgment for the defendants." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)).

In Plaintiff's original complaint, he asserts two causes of action against Foremost Insurance and fictitious parties: (1) bad faith and (2) breach of contract. Doc. 1-2 at 2-5. In Plaintiff's first amended complaint, he asserts three causes of action against Foremost Insurance, Defendant FX Insurance Agency, LLC ("FX"), and fictitious parties[1]: (1) bad faith, (2) breach of contract, and (3) negligent procurement. Doc. 19. As to futility, Foremost Insurance argues (1) FX cannot be liable for a breach of contract claim because it is not alleged to be a party to the insurance contract at issue; (2) Plaintiff fails to plead a plausible bad faith claim against FX because, again, it is not alleged to be a party to the contract; (3) Plaintiff cannot bring a claim for negligent procurement against Foremost Insurance because Alabama does not recognize such a claim against an insurance company; and (4) Plaintiff's negligence claim against FX fails because he was contributorily negligent. Doc. 21 at 5-9.

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)). However, "[t]here may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name," and "one may be able to describe an individual (e.g., the driver of an automobile) without stating his name precisely or correctly." *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (quoting *Bryant v. Ford Motor Co.*, 832 F.2d 1080, 1096 n.19 (9th Cir. 1978)). Plaintiff should carefully review whether

---

[1]

the fictitious parties who are presented in the first amended complaint are appropriately described to avoid them being struck.

Further, having reviewed Foremost Insurance's arguments, the Court finds there are factual issues that remain to be developed in this matter that negate Foremost Insurance's argument that Plaintiff's first amended complaint is entirely futile and it is inappropriate for the Court to resolve said arguments at this stage of the litigation.  However, Foremost Insurance, may present its arguments in a formal motion pursuant to Fed. R. Civ. P. 12(b), and FX may do the same once it is properly served and files a responsive pleading.

Accordingly, Plaintiff's Motion for Leave to File Amended Complaint (Doc. 59) is hereby **GRANTED**.  Plaintiff should review Foremost Insurance's response to the show cause order and incorporate appropriate changes therein, and Plaintiff is **ORDERED** to file his amended complaint by **August 18, 2023**.

**DONE** and **ORDERED** this the 10th day of August 2023.

                                                    s/Terry F. Moorer
                                                   TERRY F. MOORER
                                                   UNITED STATES DISTRICT JUDGE